Alisa A. Lipski, (SBN 278710)
Ahmad, Zavitsanos, Anaipakos, Alavi & Mensing P.C.
1221 McKinney, Ste. 3460
Houston, TX 77010
(713) 655-1101 – Main
(713) 655-0062 – Facsimile
alipski@azalaw.com – Email

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEXUS DISPLAY TECHNOLOGIES LLC., <br><br> Plaintiff, <br><br> v. <br><br> SONY ELECTRONICS INC. <br><br> Defendant. | Case No. 14-1121 <br><br> **NEXUS DISPLAY TECHNOLOGIES LLC'S COMPLAINT FOR PATENT INFRINGEMENT** |

COMPLAINT

Plaintiff Nexus Display Technologies LLC ("NDT" or "Plaintiff") hereby submits this Complaint against Defendant Sony Electronics Inc. ("Sony" or "Defendant") and states as follows:

## THE PARTIES

1. NDT is a Texas limited liability company, having a principal place of business at 2400 Dallas Parkway, Suite 200, Plano, Texas 75093.

2. On information and belief, Defendant Sony Electronics Inc. is a corporation organized and existing under the laws of Delaware, having a principal place of business at 16530 Via Esprillo, San Diego, California 92127.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq*.

4. Venue is proper in this federal district pursuant to 28 U.S.C. §§1391(b)–(c) and 1400(b) in that Defendant has done business in this District, has committed acts of infringement in this District, and continues to commit acts of infringement in this District, entitling NDT to relief.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,295,578

5. On November 13, 2007, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 7,295,578 ("the '578 Patent"), entitled "Method And Apparatus For Synchronizing Auxiliary Data And Video Data Transmitted Over A TMDS-Like Link." NDT holds all rights, title, and interest in and to the '578 Patent. Sony is not licensed to the '578 Patent, yet Sony knowingly, actively, and lucratively practices the patents.

6. Upon information and belief, Sony has infringed directly and continues to infringe directly the '578 Patent. The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products and/or methods encompassed by the claims of the '578 Patent. Sony's infringing products include, but are not limited to, at least the Sony TriMaster series of monitors, Sony radiology displays, and Sony SXRD projectors.

7. The acts of infringement by Sony have caused damage to NDT, and NDT is entitled to recover from Sony the damages sustained by NDT as a result of Sony's wrongful acts in an amount subject to proof at trial. The infringement of NDT's exclusive rights under the '578 Patent by Sony has damaged and will continue to damage NDT, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

8. At least as early as June 16, 2008, Sony has had knowledge of the '578 Patent. On June 16, 2008, the '578 Patent was cited by the USPTO as a reference during the prosecution of U.S. Patent Application No. 11/226,087 ("the '087 Application"), which was assigned to Sony and subsequently issued as U.S. Patent No. 7,558,275. Additionally, the '578 Patent was cited by the USPTO as a reference during the prosecution of additional patent applications, including at least U.S. Patent Application No. 13/778,405 and the patent applications that became U.S. Patent Nos. 7,684,826, 7,672,414, and 7,953,442, which were each assigned either to Sony or to entities within the Sony corporate family. On information and belief, based on Sony's sophistication and experience with the United States patent system and Sony's responsive papers to the USPTO during the prosecution of the above applications, Sony has performed an analysis of the '578 Patent. On information and belief, due to this analysis of the '578 Patent, Sony knew, should have known, or was willfully blind to the fact that its making, using, licensing, selling, offering for sale, and/or importing of Sony's infringing products posed, at the very least, an objectively high likelihood of infringing the '578 Patent. As a result, Sony's infringement of the '578 Patent

has been willful and NDT is entitled to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285. Additionally, at least as early as its receipt of this Complaint, Sony has had knowledge of the '578 Patent and written notice of the infringement.

**COUNT II: INFRINGEMENT OF U.S. PATENT NO. 7,143,328**

9. On November 28, 2006, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 7,143,328 ("the '328 Patent"), entitled "Auxiliary Data Transmitted Within A Display's Serialized Data Stream." NDT holds all rights, title, and interest in and to the '328 Patent. Sony is not licensed to the '328 Patent, yet Sony knowingly, actively, and lucratively practices the patents.

10. Upon information and belief, Sony has infringed directly and continues to infringe directly the '328 Patent. The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products and/or methods encompassed by the claims of the '328 Patent. Sony's infringing products include, but are not limited to, at least the Sony TriMaster series of monitors, Sony radiology displays, and Sony SXRD projectors.

11. The acts of infringement by Sony have caused damage to NDT, and NDT is entitled to recover from Sony the damages sustained by NDT as a result of Sony's wrongful acts in an amount subject to proof at trial. The infringement of NDT's exclusive rights under the '328 Patent by Sony has damaged and will continue to damage NDT, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

12. At least as early as its receipt of this Complaint, Sony has had knowledge of the '328 Patent and written notice of the infringement. NDT intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding and increased damages under 35

U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### COUNT III: INFRINGEMENT OF U.S. PATENT NO. 5,835,498

13. On November 10, 1998, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 5,835,498 ("the '498 Patent"), entitled "System and Method For Sending Multiple Data Signals Over a Serial Link." NDT holds all rights, title, and interest in and to the '498 Patent. Sony is not licensed to the '498 Patent, yet Sony knowingly, actively, and lucratively practices the patents.

14. Upon information and belief, Sony has infringed directly and continues to infringe directly the '498 Patent. The infringing acts include, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of products and/or methods encompassed by the claims of the '498 Patent. Sony's infringing products include, but are not limited to, at least the Sony TriMaster series of monitors, Sony radiology displays, and Sony SXRD projectors.

15. The acts of infringement by Sony have caused damage to NDT, and NDT is entitled to recover from Sony the damages sustained by NDT as a result of Sony's wrongful acts in an amount subject to proof at trial. The infringement of NDT's exclusive rights under the '498 Patent by Sony has damaged and will continue to damage NDT, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

16. At least as early as April 29, 2003, Sony has had knowledge of the '498 Patent. The '498 Patent was cited by the USPTO as a reference during the prosecution of U.S. Patent No. 6,556,594 ("the '594 Patent"), which issued on April 29, 2003 and was assigned to the Sony Corporation, the parent of Sony Electronics Inc. Additionally, the '498 Patent was cited by the USPTO as a reference during the prosecution of the patent application that became U.S. Patent No. 6,754,239, which was also assigned to the Sony Corporation and issued on June 22, 2004.

On information and belief, based on Sony's sophistication and experience with the United States patent system, Sony has performed an analysis of the '498 Patent. On information and belief, due to this analysis of the '498 Patent, Sony knew, should have known, or was willfully blind to the fact that its making, using, licensing, selling, offering for sale, and/or importing of Sony's infringing products posed, at the very least, an objectively high likelihood of infringing the '498 Patent. As a result, Sony's infringement of the '498 Patent has been willful and NDT is entitled to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285. Additionally, at least as early as its receipt of this Complaint, Sony has had knowledge of the '498 Patent and written notice of the infringement.

## JURY DEMAND

17. NDT hereby demands a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, NDT requests entry of judgment in its favor and against Sony as follows:

a. A declaration that Sony has infringed and is infringing the '578, '328, and '498 Patents;

b. An Order permanently enjoining Sony, its officers, agents, employees, and those acting in privity with it, from further direct and/or indirect infringement of the '578, '328, and '498 Patents;

c. An award of damages to NDT arising out of Sony's infringement of the '578, '328, and '498 Patents, including enhanced damages pursuant to 35 U.S.C. § 284, together with prejudgment and post-judgment interest, in an amount according to proof;

d. An award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and,

e. Granting NDT its costs and further relief as the Court may deem just and proper.

Dated: July 17, 2014                 Respectfully submitted,

*/s/ Alisa Lipski*
Alisa A. Lipski
California Bar No. 278710
alipski@azalaw.com

AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING P.C.
1221 McKinney Street, Suite 3460
Houston, TX 77010
Telephone: 713-655-1101
Facsimile: 713-655-0062

**ATTORNEY FOR PLAINTIFF NEXUS DISPLAY TECHNOLOGIES LLC**